# EXHIBIT A

IN THE CHANCERY COURT FOR MADISON COUNTY, TENNESSEE

| | |
|---|---|
| CHRISTOPHER TODD, ED JACKSON, MARY H. RUDD, THOMAS Y. STALLINGS, and, wife, JANET C. STALLINGS, LEWIS F. ZERFOSS, and wife, CHARLOTTE ZERFOSS, RON F. HALE, and wife, YVONNE HALE, FORREST M. BUTLER, and wife, PAULA G. BUTLER, LAURIE HOLTON, SARA RAINEY, CAROLYN YARBOUGH THOMAS E. WILLIAMS, JR., BARBARA WILLIAMS, JOYCE SINGLETON, SUE MURRAY, AMANDA BATES, LONDA ROHLFING, and husband, CHARLES ROHLFING, SAM M. COY, BRAD DENTON, SANDRA BATEMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF JACKSON, TENNESSEE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No._____<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**

The Plaintiffs, by and through counsel, file this Complaint against the City of Jackson, Tennessee for an Order permanently enjoining the Defendant from permitting the use of Defendant's property known as the Carl Perkins Civic Center from being utilized for the purposes of hosting female impersonators in contrivance of Tennessee law.  Specific grounds for this injunction are the violations of these laws:  T.C.A. § 7-51-1407 (operating an adult cabaret within 1,000 feet of a church) and T.C.A. § 29-3-101, *et seq*., (maintaining a public nuisance).

## JURISDICTION AND PARTIES

1. All of the Plaintiffs are residents of Madison County, Jackson, Tennessee and number more than ten (10) citizens of the county where the public nuisance may exist, therefore, pursuant to T.C.A. § 29-3-102, the Plaintiffs may petition this Court for injunctive relief.

2. The following Plaintiffs are members of the First United Methodist Church in Jackson, Tennessee and are residents of Madison County, Tennessee: Forrest and Paula Butler, Sara Rainey, Carolyn Yarbough, Laurie Horton, Ron and Yvonne Hale, Lewis and Charlotte Zerfoss, Thomas and Janet Stallings, and Mary Rudd. These Plaintiffs have standing to bring this action as an adult cabaret seeks to have a performance within 1,000 feet of their church on October 8, 2022.

3. Defendant is the legally recognized municipality owning and operating the Carl Perkins Civic Center.

4. This Court is the proper venue and has jurisdiction over the granting of injunctions.

## LAW AND FACTS

5. The City of Jackson, Tennessee is the owner and operator of the Carl Perkins Civic Center located at 400 S. Highland Avenue, Jackson, Tennessee 38301.

6. The Carl Perkins Civic Center is a multipurpose building and offers a main stage and auditorium with seating for 2,200 that provides space for stage shows, concerts, large meetings and conventions.

7. Including the parking lot and building, the Carl Perkins Civic Center encompasses 9.73 acres in downtown Jackson, Tennessee.

8. Upon information and belief, when measured in a straight line in all directions, without regard to intervening structures or objects, from the nearest point on the property line, the Carl Perkins Civic Center is within one thousand feet (1,000') of First United

Methodist Church located at 200 S. Church Street, Jackson, Tennessee 38301.  A picture showing the Carl Perkins Civic Center visible from the front steps of the First United Methodist Church is attached hereto as Exhibit A and incorporated herein by reference.

9.  Upon information and belief, the Carl Perkins Civic Center is also within one thousand feet (1,000') of other churches, including, but not limited to, St. Luke's Episcopal Church and Mother Liberty CME Church.

10.  On September 27, 2022, Jackson Pride, a fund of the West Tennessee Healthcare Foundation, announced via press release that the 3rd Annual Jackson Pride event would be held at the Carl Perkins Civic Center.  A copy of said press release is attached as Exhibit B and incorporated herein by reference.

11.  The press release goes on to announce that the group will host a, "family-friendly Drag Show, featuring some of the regions [sic] most talented performers."

12.  Before moving the event to the Carl Perkins Civic Center, Jackson Pride previously planned to host the Drag Show at Conger Park in Jackson, Tennessee.

13.  A copy of a flyer advertising the Jackson Pride Drag Show and featured performers is attached hereto as Exhibit C and incorporated herein by reference.

14.  The flyer advertising the Drag Show features ten (10) female impersonators.

15.  The host for the Drag Show is a performer known as Bella DuBalle who maintains a public Facebook page.  A screenshot of Bella DuBalle's public Facebook page is attached hereto as Exhibit D and incorporated herein by reference.

16.  Bella DuBalle's Facebook page features Bella DuBalle and various performers, with two of the featured men undressed except for articles of clothing covering their groin.  One man has his buttocks exposed.

17. In the flyer for the Drag Show referenced above, a performer known as Alexis Storm is featured wearing a form fitting singlet.

18. Upon information and belief, all of the Drag Show performers are biological men impersonating women by using clothing and makeup to exaggerate female gender signifiers.

19. T.C.A. § 7-51-1401 defines an "adult cabaret" as, "a cabaret that features topless dancers, go-go dancers, exotic dancers, strippers, male or female impersonators, or similar entertainers."

20. Merriam-Webster defines "cabaret" as a "restaurant serving liquor and providing entertainment (as by singers or dancers)" or "the show provided at a cabaret".

21. The canon of *noscitur a sociis* "counsels that a word is given more precise content by the neighboring words with which it is associated." *United States v. Williams*, 553 U.S. 285, 294 (2008).

22. Here, a cabaret is not limited to just a certain place (bar, restaurant, lounge, etc.), but rather the type of entertainment. To construe the statute as place, rather than a form of entertainment would provide that a strip club could operate anywhere, so long as the building is not usually used for that function, which is clearly not the legislative intent.

23. Tellingly, not all of the types of entertainers mentioned (go-go dancers, male or female impersonators, or exotic dancers) expressly feature nude entertainment, otherwise, the term "stripper" or "topless dancer" would be sufficient to cover the activity the legislature intended to prevent.

24. With Defendant granting a permit to the Jackson Pride organizers, Defendant has transformed the Carl Perkins Civic Center into an adult entertainment establishment featuring an

adult cabaret of female impersonators within 1,000 feet of a church in violation of Tennessee law.

25. T.C.A. § 29-3-101 defines lewdness as to include, "all matter of lewd sexual conduct or live exhibition".

26. T.C.A. § 29-3-101 defines nuisance as, "any place in or upon which lewdness . . . are carried on or permitted".

27. Purportedly "family-friendly" drag shows in Cookeville, Tennessee, Chattanooga, Tennessee, and elsewhere throughout the nation have devolved into situations whereby they constitute a public nuisance.

28. A drag show in Chattanooga, Tennessee featured a minor child rubbing the groin of a female impersonator dressed as Ariel from *The Little Mermaid* in 2022.

29. A drag show at Tennessee Tech University in Cookeville, Tennessee featured a female impersonator receiving cash tips from minor children while undressing to reveal women's lingerie in 2022.

30. Injunctive relief is necessary to prevent the violation of state law and to prevent the Carl Perkins Civic Center from being turned into a public nuisance. There is no adequate remedy at law, therefore, the Plaintiffs will suffer irreparable harm and injury unless an Order remedying this violation is entered, Plaintiffs have a high probability of success on the merits, injury to the Plaintiffs will be substantial, while the injury to the Defendant is minimal as this Complaint does not seek to cancel the Jackson Pride event, but rather prevent the drag show from occurring, and the public interest will be best served by granting this injunction.

31. Plaintiffs who worship at First United Methodist Church will suffer imminent and irreparable injury if this injunction is not granted as an adult cabaret will be featured within

1,000 feet of their house of worship, Plaintiffs have a high probability of success on the merits, injury to the Plaintiffs will be substantial, while the injury to the Defendant is minimal as this Complaint does not seek to cancel the Jackson Pride event, but rather prevent the drag show from occurring, and the public interest will be best served by granting this injunction.

32.  Plaintiffs request a hearing to be held on October 7, 2022 at 9:00 AM.

WHEREFORE, THE PLAINTIFFS PRAY:

1. That the Defendant be permanently enjoined from permitting Jackson Pride from utilizing the Carl Perkins Civic Center for the purposes of hosting a drag show in violation of T.C.A. § 7-51-1407;

2. In the alternative, or in addition to, that the Defendant's permitted use of the Carl Perkins Civic Center be declared a public nuisance pursuant to T.C.A. § 29-3-101 *et seq.*;

3. That the Defendant be permanently enjoined from allowing Jackson Pride from using the Carl Perkins Civic Center or any other City of Jackson property to facilitate a public nuisance; and

4. That the Plaintiffs be granted such other and further general relief which the Court deems appropriate.

Respectfully submitted,

*/s/ Matthew J. McClanahan*

Matthew J. McClanahan (BPR#036867)
McClanahan & Winston, PC
PO Box 1110
Crossville, Tennessee 38557
Telephone:  931-548-7702
Email:  matt@tennadvocate.com

**COST BOND**

We do hereby acknowledge and bind ourselves as sureties for the cost of this cause as required by T.C.A. § 20-12-120.

McCLANAHAN & WINSTON, PC

*/s/ Matthew J. McClanahan*

Matthew J. McClanahan
Alexander J. Winston