UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
------------------------------------------------------------------------ X
FRIENDS OF GEORGE'S, INC.,

                              Plaintiff,

-against-                                     Case No. 2:23-cv-02163-TLP-tmp

STATE OF TENNESSEE, BILL LEE, in his official and individual capacity as governor of Tennessee, JONATHAN SKRMETTI, in his official and individual capacity as the Attorney General of Tennessee, and STEVEN J. MULROY, in his official and individual capacity as District Attorney General of Shelby County, Tennessee,

                              Defendants.
------------------------------------------------------------------------ X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ACTORS' EQUITY ASSOCIATION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

Actors' Equity Association respectfully moves for leave to file the accompanying *amicus curiae* brief in support of Plaintiff's motion for a preliminary injunction. The parties consent to the filing of the *amicus* brief.

**STATEMENT OF INTEREST**

Actors' Equity Association ("Equity"), a labor organization that represents live theatrical actors and stage managers, is devoted to protecting live theatre as an essential component of a thriving civil society and the basis of its members' livelihoods. Since 1913, Equity has fought to win its members a dignified workplace at the theatre, from pay guarantees and pension and welfare benefits to the rules governing auditions. With more than 51,000 members across the nation, Equity is among the oldest and largest labor unions in the performing arts in America. Broadway tours of America's favorite musicals come to Tennessee each year, and over 380 Equity members reside in Tennessee, where they can perform in fifteen Equity-

affiliated theatres. Preserving the First Amendment right to perform in uncensored, controversial works of art in the public sphere is essential to Equity's mission.

## STANDARD

District courts have broad discretion to permit the participation of amici where there is no prejudice to the parties and their participation may be of assistance to the court. *Sigetich v. Kroger Co.*, Case No. 1:21-cv-697, 2022 WL 2900766, at *2-3 (S.D. Ohio July 22, 2022) (granting leave to file *amicus* brief). As a result, judges in the Western District of Tennessee have permitted *amicus* participation. *E.g.*, *Tiger Lily LLC v. U.S. Dep't of Housing and Urban Dev.*, No. 2:20-cv-2692-MSN-atc, 2020 WL 7658076 (W.D. Tenn. Oct. 21, 2020) (requesting *amicus* brief from non-party); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, No. 2:08-cv-2073, 2008 WL 6708174, at *15 (W.D. Tenn. June 3, 2008) (referencing *amicus* brief). As then-Judge (now Justice) Alito put it, "[e]ven when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs., PA v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002).

## ARGUMENT

The proposed *amicus* brief here meets these standards. Equity's members frequently perform in gender-nonconforming and drag roles for live theatrical performances nationwide and in Tennessee. A list of past and upcoming Equity productions involving such roles in Tennessee is listed in Section II(C) of the proposed *amicus* brief. *See* Exhibit A to the Affirmation of Samuel Morris at 11-12. Equity can provide a unique insight into which theatrical roles may be impacted by the law at issue in this case and how protected expression and economic activity will be chilled in Tennessee as a result, which illustrates the practical and constitutional implications of this case.

All parties consent to the filing of this *amicus* brief and no party will be prejudiced by the submission of Equity's *amicus* brief. To the contrary, all parties will benefit from Equity's submission of its perspective before this Court. The public interest in examining the constitutionality of legislation is best served by a thorough examination of the issue. Equity's *amicus* brief will contribute to that analysis.

## **CONCLUSION**

For the foregoing reasons, the motion for leave to file an *amicus curiae* brief should be granted.

Dated: April 17, 2023

    Respectfully submitted,

*/s/ Megan Stater Shaw*\*
NY Bar #5877568
COHEN, WEISS AND SIMON LLP
900 Third Avenue, Suite 2100
New York, NY 10022
Telephone: (212) 356-0205
MShaw@cwsny.com
\*Admission *pro hac vice* forthcoming

*/s/ Samuel Morris*
TN Bar #12506
GODWIN, MORRIS, LAURENZI &
BLOOMFIELD, P.C.
50 N. Front St., Suite 800
Memphis, TN 38103
Telephone: (901) 528-1702
smorris@gmlblaw.com

3