# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**FRIENDS OF GEORGE'S**,

    Plaintiff

v.

**STATE OF TENNESSEE, GOVERNOR BILL LEE**, in his official and individual capacity as Governor of Tennessee, and **JONATHAN SKRMETTI**, in his official and individual capacity as the Attorney General of Tennessee,

    Defendants.

Civil Action No.
2:23-cv-02163-TLP-tmp

---

**FRIENDS OF GEORGE'S**,

    Plaintiff,

v.

**STEVEN J. MULROY**, in his official and individual capacity as the District Attorney General of Shelby County, Tennessee

    Defendant.

Civil Action No.
2:23-cv-02176-TLP-tmp

## ANSWER
## TO COMPLAINT IN 2:23-cv-02176, FILED AT DKT. NO. 1

The Defendant District Attorney Steven J. Mulroy, in his individual capacity only, submits the following Answer to Plaintiff Friends of George's Complaint.

1

## I.  NATURE OF THE ACTION

1. Upon information and belief, Defendant admits the allegations contained in ¶ 1.

2. Upon information and belief, Defendant admits the allegations contained in ¶ 2.

## II.  SUBJECT MATTER AND JURISDICTION

3. Defendant admits the allegations contained in ¶ 3.

4. Defendant admits the allegations contained in ¶ 4.

## III.  THE PARTIES AND PERSONAL JURISDICTION

5. Upon information and belief, Defendant admits the allegations contained in ¶ 5.

6. Defendant admits the allegations contained in ¶ 6.

## IV.  FACTUAL ALLEGATIONS

7. Defendant is without sufficient information to admit or deny the allegations contained in ¶ 7.

8. Defendant is without sufficient information to admit or deny the allegations contained in ¶ 8.

9. Upon information and belief, Defendant admits the allegations contained in ¶ 9.

10. Upon information and belief, Defendant admits the allegations contained in ¶ 10.

11. Upon information and belief, Defendant admits the allegations contained in ¶ 11.

12. Upon information and belief, Defendant admits the allegations contained in ¶ 12.

13. Upon information and belief, Defendant admits the allegations contained in ¶ 13.

14. Upon information and belief, Defendant admits the allegations contained in ¶ 14.

15. Upon information and belief, Defendant admits the allegations contained in ¶ 15.

16. Upon information and belief, Defendant admits the allegations contained in ¶ 16.

17. Upon information and belief, Defendant admits the allegations contained in ¶ 17.

18. Defendant is without sufficient information to admit or deny the allegations contained in ¶ 18.

19. Upon information and belief, Defendant admits that the allegations contained in the first two sentences of ¶ 19 are consistent with the news report cited, but is without sufficient information to admit or deny the allegation as characterized contained in the third and final sentence.

20. Defendant admits the allegations contained in ¶ 20.

21. Upon information and belief, Defendant admits the allegations contained in ¶ 21.

22. Upon information and belief, Defendant admits the allegations contained in ¶ 22.

23. Upon information and belief, Defendant admits the allegations contained in ¶ 23.

24. Upon information and belief, Defendant admits the allegations contained in ¶ 24.

25. Upon information and belief, Defendant admits that the quote contained in ¶ 25 is consistent with the news report cited, but is without sufficient information to admit or deny the allegation as characterized in the first clause contained in ¶ 25.

26. Upon information and belief, Defendant admits the allegations contained in ¶ 26.

27. To the extent that ¶ 27 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied.

28. To the extent that ¶ 28 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied.  Defendant is without sufficient information to admit or deny the factual allegations contained in ¶ 28.

29. To the extent that ¶ 29 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied.  Defendant is without sufficient information to admit or deny the factual allegations contained in ¶ 20.

30. Upon information and belief, Defendant admits the allegations contained in ¶ 30.

31. Upon information and belief, Defendant admits the allegations contained in ¶ 31.

32. Upon information and belief, and after review of the provided Granicus link beginning at approximately 53:45, Defendant admits the allegations contained in ¶ 32.

33. Upon information and belief, and after review of the provided Granicus link beginning at approximately 53:45, Defendant admits the allegations contained in ¶ 33.

34. Defendant admits the allegations contained in ¶ 34.

35. Defendant admits the allegations contained in ¶ 35.

36. To the extent that ¶ 36 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

37. To the extent that ¶ 37 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

38. Defendant admits the allegations contained in ¶ 38.

39. To the extent that ¶ 39 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

40. To the extent that ¶ 40 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

41. To the extent that ¶ 41 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

42. To the extent that ¶ 42 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

43. To the extent that ¶ 43 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

Case 2:23-cv-02163-TLP-tmp   Document 50   Filed 04/20/23   Page 5 of 8   PageID 754

44. Defendant admits the allegations contained in ¶ 44.

45. Defendant admits the allegation that there are no defined "locations" in the law at issue. To the extent that the remaining allegations in ¶ 45 contain legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

46. To the extent that ¶ 46 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

47. Defendant admits the allegations contained in ¶ 47.

48. Defendant admits the allegations contained in ¶ 48.

49. To the extent that ¶ 49 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court. Defendant notes that there are thirty-two District Attorneys General serving the thirty-two judicial districts in Tennessee.

50. To the extent that ¶ 50 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

51. Defendant admits the allegations contained in ¶ 51.

52. To the extent that ¶ 52 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

53. Upon information and belief, Defendant admits the allegations contained in ¶ 53.

54. To the extent that ¶ 54 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

55. To the extent that ¶ 55 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

5

56. Defendant is without sufficient information to admit or deny the allegations contained in ¶ 56.

57. Defendant is without sufficient information to admit or deny the allegations contained in ¶ 57.

58. Defendant is without sufficient information to admit or deny the allegations contained in ¶ 58.

59. Defendant is without sufficient information to admit or deny the allegations contained in ¶ 59.

60. Paragraph 60 solely contains statements that do not require a response by Defendant.

61. Paragraph 61 solely contains statements that do not require a response by Defendant.

62. Paragraph 62 solely contains statements that do not require a response by Defendant.

63. Upon information and belief, Defendant admits the allegations contained in ¶ 63.

64. Upon information and belief, Defendant admits the allegations contained in ¶ 64.

65. Paragraph 65 solely contains statements that do not require a response by Defendant.

66. Upon information and belief, Defendant admits the allegations contained in ¶ 66.

67. To the extent that ¶ 67 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

68. To the extent that ¶ 68 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

69. To the extent that ¶ 69 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

70. Defendant admits that Friends of George's performs at the Evergreen Theater, which is open to the general public, but is without sufficient information to admit or deny the remaining allegations contained in ¶ 70.

71. Paragraph 71 solely contains statements that do not require a response by Defendant.

72. To the extent that ¶ 72 contains legal conclusions, those conclusions are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

73. Defendant admits the allegations contained in ¶ 73.

## V.   CAUSES OF ACTION

To the extent that ¶¶ 74-81 contain legal conclusions and arguments, those conclusions and arguments are not factual allegations to be admitted or denied, and are instead to be determined by the Court.

## VI.   PRAYER FOR RELIEF

This section solely contains requests that do not require a response by Defendant.

    Respectfully submitted,

/s/ Jessica L. Indingaro

JESSICA L. INDINGARO (BPR No. 30875)
jessica.indingaro@scdag.com
Shelby County
    District Attorney General's Office
Walter L. Bailey Criminal Justice Center
201 Poplar Avenue, 11th Floor
Memphis, Tennessee 38103
(901) 222-1300

*Attorney for Defendant DA Mulroy in his Individual Capacity Only*

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a copy of the foregoing was served upon all parties of record via CM/ECF on the 20th day of April, 2023.


              /s/ Jessica L. Indingaro