# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

FRIENDS OF GEORGE'S, INC.,

    *Plaintiff*,

    v.

STEVEN J. MULROY,
    in his official and individual capacities,

    *Defendant*.

Case No. 2:23-cv-02163-TLP-tmp
Case No. 2:23-cv-02176-TLP-tmp

---

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION**

---

Plaintiff Friends of George's, Inc., (hereinafter "Plaintiff") for its responses to Defendant Steven J. Mulroy's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions respectfully state as follows:

## I. RESERVATION OF OBJECTIONS AND RIGHTS

Plaintiff reserves all objections with respect to relevancy and materiality as well as the right to interpose additional objections and to move for an appropriate protective order in the event additional discovery and pre-trial preparation develop further information with respect to any of the requests set forth below.

1

"representation," are so vague that Plaintiff is unclear what conduct Defendant refers to. Therefore, Plaintiff can neither admit nor deny this portion of the Request.

**REQUEST NO. 8:** Admit that Plaintiff's Productions during the Relevant Time Period have not included patently offensive representations or descriptions of sexual intercourse, anal or otherwise, fellatio, cunnilingus, or sodomy, whether normal or perverted, and whether actual or simulated.

**RESPONSE: It is Plaintiff's position that above terms, as used in T.C.A. § 7-51-1401 and its cross-referenced statutes, are so vague that Plaintiff is unclear what conduct Defendant refers to. *Inter alia*, Plaintiff objects that the terms "normal," "perverted," "patently offensive" and "simulated" are not clearly defined. Therefore, Plaintiff can neither admit nor deny.**

**REQUEST NO. 9:** Admit that Plaintiff's Productions during the Relevant Time Period have not included patently offensive representations or descriptions of masturbation, excretory functions, or lewd exhibition of the genitals.

**RESPONSE: It is Plaintiff's position that above terms, as used in T.C.A. § 7-51-1401 and its cross-referenced statutes, are so vague that Plaintiff is unclear what conduct Defendant refers to. Therefore, Plaintiff can neither admit nor deny.**

**REQUEST NO. 10:** Admit that Plaintiff's Productions during the Relevant Time Period have not included representations or descriptions of flagellation or torture or physical restraint by or upon a person for the purpose of sexual gratification of either person.

**RESPONSE:  Admitted**

**REQUEST NO. 11:**  Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not planned the presentation of any future Production that includes the exhibition of human genitals in a state of sexual stimulation or arousal.

**RESPONSE: Admitted only to the extent that each of Plaintiff's productions are original works written by its members, and Plaintiff does not know the precise content of its future productions.**

**REQUEST NO. 12:**  Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not planned the presentation of any future Production that includes acts of human masturbation, sexual intercourse, sodomy, cunnilingus, fellatio, or any excretory function, or any representation thereof.

**RESPONSE: Admitted only to the extent that each of Plaintiff's productions are original works written by its members, and Plaintiff does not know the precise content of its future productions.**

**REQUEST NO. 13:**  Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not planned the presentation of any future Production that includes the fondling or erotic touching of human genitals, pubic region, buttocks, or female breasts.

**RESPONSE: Admitted only to the extent that each of Plaintiff's productions are original works written by its members, and Plaintiff does not know the precise content of its future productions.**

**REQUEST NO. 14:** Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not planned the presentation of any future Production that includes the showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering.

**RESPONSE: Admitted only to the extent that each of Plaintiff's productions are original works written by its members, and Plaintiff does not know the precise content of its future productions.**

**REQUEST NO. 15:** Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not planned the presentation of any future Production that includes the showing of the female breast with less than a fully opaque covering of any portion below the top of the nipple.

**RESPONSE: Admitted only to the extent that each of Plaintiff's productions are original works written by its members, and Plaintiff does not know the precise content of its future productions.**

**REQUEST NO. 16:** Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not planned the presentation of any future Production that includes the depiction of covered male genitals in a discernibly turgid state.

**RESPONSE: Admitted only to the extent that each of Plaintiff's productions are original works written by its members, and Plaintiff does not know the precise content of its future productions.**

**REQUEST NO. 17:**  Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not planned the presentation of any future Production that includes the description, representation, or exhibition of human male or female genitals when in a state of sexual stimulation or arousal.

**RESPONSE: Admitted only to the extent that each of Plaintiff's productions are original works written by its members, and Plaintiff does not know the precise content of its future productions.**

**REQUEST NO. 18:**  Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not planned the presentation of any future Production that includes patently offensive representations or descriptions of sexual intercourse, anal or otherwise, fellatio, cunnilingus, or sodomy, whether normal or perverted, and whether actual or simulated.

**RESPONSE:  Admitted only to the extent that each of Plaintiff's productions are original works written by its members, and Plaintiff does not know the precise content of its future productions.**

**REQUEST NO. 19:**  Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not planned the presentation of any future Production that includes patently offensive representations or descriptions of masturbation, excretory functions, or lewd exhibition of the genitals.

**RESPONSE: Admitted only to the extent that each of Plaintiff's productions are original works written by its members, and Plaintiff does not know the precise content of its future productions.**

**REQUEST NO. 20:** Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not planned the presentation of any future Production that includes representations or descriptions of flagellation or torture or physical restraint by or upon a person for the purpose of sexual gratification of either person.

**RESPONSE: Admitted only to the extent that each of Plaintiff's productions are original works written by its members, and Plaintiff does not know the precise content of its future productions.**

**REQUEST NO. 21:** Admit that each Production presented by Plaintiff during the Relevant Time Period, taken as a whole, contains serious literary, artistic, political, or scientific value.

**RESPONSE: Plaintiff objects on the grounds that the statute in question does not purport to regulate speech that is without "serious literary, artistic, political, or scientific value," but rather regulates speech that is without serious literary, artistic, political, or scientific value *for minors*. Thus, the statute in question regulates speech that does have "serious literary, artistic, political, or scientific value" for adults. Notwithstanding this objection, this request is Admitted.**

**REQUEST NO. 22:** Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not planned the presentation of any future Production that, taken as a whole, lacks serious literary, artistic, political, or scientific value.

**REQUEST NO. 26**:  Admit that Plaintiff has never been threatened with or made the subject of any prosecution under Tennessee's existing laws regulating obscenity or adult-oriented entertainment.

**RESPONSE**:  **Admitted.**

**REQUEST NO. 27**:  Admit that for each of Plaintiff's Productions presented during the Relevant Time Period, a fee was charged to attend.

**RESPONSE**:  **Admitted.**

**REQUEST NO. 28**:  Admit that at the time of filing its initial Complaint in this Litigation, Plaintiff had not scheduled any future Production for which no fee would be charged to attend.

**RESPONSE**:  **Admitted.**

Respectfully Submitted,
*/s/ Melissa J. Stewart*
Brice M. Timmons
Melissa J. Stewart
Craig A. Edgington
Donati Law, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
brice@donatilaw.com
melissa@donatilaw.com
craig@donatilaw.com
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2023, a copy of the foregoing was served via email to the following parties and/or counsel of record:

James R. Newsom (TN BPR No. 6683)
Special Counsel
Robert W. Wilson (TN BPR No. 34492)
Senior Assistant Attorney General
Steven J. Griffin (TN BPR No. 40708)
Assistant Attorney General
J. Matthew Rice (TN BPR No. 040032)
Special Assistant to the Solicitor General
Office of the Tennessee Attorney General
40 South Main Street, Suite 1014
Memphis, TN 38103
(901) 543-2473
Jim.Newsom@ag.tn.gov
Robert.Wilson@ag.tn.gov
Steven.Griffin@ag.tn.gov
Matthew.Rice@ag.tn.gov
*Counsel for Defendant Steven J. Mulroy in his official capacity*


Jessica L. Indingaro
Office of the District Attorney General, 30th Judicial District of Tennessee
201 Poplar Avenue, 11th Floor
Memphis, TN 38103
Jessica.Indingaro@scdag.com
*Counsel for Steven J. Mulroy, in his Individual Capacity*