**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

FRIENDS OF GEORGE'S, INC.,

       *Plaintiff,*


      v.

STEVEN J. MULROY,
    in his official capacity as District
    Attorney General of Shelby County,
    TN,

       *Defendant.*

Case No. 2:23-cv-02163-TLP-tmp

**RESPONSE OF STEVEN J. MULROY IN HIS OFFICIAL CAPACITY IN OPPOSITION
TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Defendant Steven J. Mulroy, in his official capacity as District Attorney General for the Thirtieth Judicial District of Tennessee, by and through the Office of the Tennessee Attorney General, files this response in opposition to Plaintiff Friends of George's Motion for Attorney's Fees and Costs.  The Court should defer ruling on Plaintiff's entitlement to and/or the amount of attorney's fees and costs until Defendant's appeal from this Court's Judgment is complete.  Should the Court consider Plaintiff's motion at this time, the requested fees must be reduced for the reasons stated herein.

## PROCEDURAL BACKGROUND

On March 2, 2023, the Tennessee General Assembly enacted, and the Governor signed, the Adult Entertainment Act (AEA), Public Chapter No. 2, 113th General Assembly (2023).  ECF No. 19-1 at 94-95.[1]  Plaintiff is a theatre company that "produces drag-centric performances, comedy sketches, and plays."  ECF No. 1 at 2.  Plaintiff filed a pre-enforcement 42 U.S.C § 1983 complaint on March 27 against the State of Tennessee, seeking an injunction against the implementation of the AEA contending that it violated the First Amendment.  *Id.* at 12-13.  On March 28, Plaintiff filed an amended complaint to add defendants Bill Lee, Governor for the State of Tennessee, and Jonathan Skrmetti, Attorney General and Reporter for the State of Tennessee, in their official and individual capacities, ECF No. 10 (Am. Compl.) at 51.  In both instances Plaintiff moved for a statewide temporary restraining order and preliminary injunction prohibiting implementation of the AEA.  ECF No. 7 at 29; ECF No. 11 at 77.

The State, Governor, and Attorney General (the "Original Defendants") responded to Plaintiff's motion on March 29, on the basis that sovereign immunity barred Plaintiff's claims against them.  ECF No. 19 at 82-91.  Plaintiff filed its reply on March 30.  ECF No. 20 at 96.  That

---

[1] Pincites to record materials reference the "Page ID" numbers in the ECF file stamps.

day, Plaintiff filed a separate 42 U.S.C. § 1983 action against District Attorney Mulroy in both his individual and official capacities. *Friends of George's, Inc. v. Mulroy*, No. 2:23-cv-02176, ECF No. 1 (W.D. Tenn. Mar. 30, 2023); *see also* ECF No. 32-1 (Compl.) at 203.[2]  On March 30, Plaintiff also moved for a temporary restraining order and a preliminary injunction in the newly-filed action.  ECF No. 32-6 at 232.  The Court granted Plaintiff's requests for a temporary restraining order against District Attorney Mulroy, the Governor, and the Attorney General on March 31 but did not then address the Original Defendants' response contending that sovereign immunity barred Plaintiff's claims against them.  ECF No. 26 at 177-78, 191.  The next week, the Court held a status conference and entered a scheduling order setting deadlines for pre-trial briefing and for the completion of discovery.  ECF No. 30 at 193-94.  The Court also set a consolidated preliminary injunction hearing and trial on the merits for May 22, 2023.  *Id.* at 194.

On April 18, the Original Defendants and District Attorney Mulroy in his official capacity moved to dismiss Plaintiff's suit for lack of subject-matter jurisdiction.  ECF No. 41 at 699.  The next day, Plaintiff filed Fed. R. Civ. P. 41 voluntary notices of dismissal as to the Original Defendants, ECF Nos. 45-46, and requested that the Court deny the motion to dismiss "as moot" because those defendants "ha[d] been voluntarily dismissed from suit"; the effect of Plaintiff's dismissals would be to retain its claim against District Attorney Mulroy in his individual capacity only.  ECF No. 47 at 742-43.  At its April 25 status conference, the Court addressed "the important distinctions between Rule 21 and Rule 41" voluntary dismissals, "the ramifications of individual/official capacities[,]" and granted Plaintiff "additional time to refine [its] stipulations."  ECF No. 54.  Following the Court's status conference, Plaintiff withdrew only its request to

---

[2] The Court consolidated Plaintiff's suits on April 6, 2023, under Case No. 2:23-cv-02163—Plaintiff's first-filed suit.  ECF No. 31 at PageID 197-98.

voluntarily dismiss District Attorney Mulroy in his official capacity. ECF No. 56 at 763-64. By written order, the Court dismissed the State, Governor Lee, and General Skrmetti. ECF No. 60 at 849-50.

The Court conducted a consolidated preliminary injunction hearing and trial on the merits on May 22-23. ECF Nos. 78-79. On June 2, the Court filed its Findings of Fact and Conclusions of Law, which dismissed District Attorney Mulroy in his individual capacity as an improper defendant, found that the AEA was unconstitutional, and permanently enjoined District Attorney Mulroy in his official capacity from enforcing it within his jurisdiction only. ECF No. 91 at 1395, 1408-09, 1463. The Court entered its final judgment on June 7. ECF No. 92.

Plaintiff filed its timely Motion for Attorney's Fees and Costs on June 21. ECF No. 93 (Mot. for Attorney's Fees) at 1465. As the prevailing party, it seeks an award of attorney's fees and costs pursuant to Fed. R. Civ. P. 54(d)(2) and 42 U.S.C. § 1988(b). *Id.* at 1468. District Attorney Mulroy in his official capacity filed a Notice of Appeal to the Sixth Circuit Court of Appeals on June 30. ECF No. 94.

## ARGUMENT

### I.  The Court Should Defer Its Ruling on Plaintiff's Motion for Attorneys' Fees and Costs.

Common sense and judicial efficiency suggest that the Court should defer its consideration of Plaintiff's motion for an award of attorney's fees and costs until the conclusion of Defendant's appeal. The "prime directive" of Rule 1 is that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The observation

of Chief District Judge Crenshaw of the Middle District of Tennessee in a similar circumstance is

apt:

> It would be an incredible waste of time and judicial resources to decide the attorney's fees issue now only to find out later that this Court's entry of summary judgment in favor of [defendant] was incorrect.  And, even if this Court's merits decision is found to be correct, [defendant] would undoubtedly seek fees for the time spent on appeal, meaning that the Court would have to revisit the attorney's fees issue.  Rather than deciding an issue that could ultimately be for naught, or deciding it twice, the Court will defer ruling on the request for attorney's fees and costs until after the appeal has run.  (Citing *Chavez v. Mercantil Commercebank, N.A.*, No. 1:10-cv-23244, 2012 WL 12861093, at *3 (S.D. Fla. Aug. 20, 2012) which observed "[i]n the event judgment is reversed, Defendant would not be entitled to its attorney's fees or costs. And, in the event it is affirmed, Defendant will likely file another round of motions seeking appellate fees. Thus, by deferring ruling, the Court conserves judicial resources.")).

*Kryder v. Estate of Rogers,* 321 F.Supp.3d 803, 810-11 (M.D. Tenn. 2018).

The official comment to Federal Rule of Civil Procedure 54 further supports Judge

Crenshaw's observations: "If an appeal on the merits of the case is taken, the court may rule on

the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice,

directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."

Official Comment to 1993 Amendment, Subdivision (d), ¶(2)(B).  Rather than resolving the instant

Motion during the pendency of the appeal, the Court would better serve justice and efficiency by

denying the Motion without prejudice and with leave to refile (if appropriate) after the conclusion

of the appeal, or deferring the motion.[3]

The reasons are clear.  If Plaintiff prevails on appeal, it doubtless will seek to recover

attorney's fees and costs in addition to those previously incurred.  If Defendant prevails, or if the

Sixth Circuit modifies the relief granted, an interim award made by this Court would be "for

---

[3] Counsel for Defendants consulted with counsel for Plaintiff on June 22 to suggest  an agreed motion to defer.  Plaintiff does not agree.

naught" or require additional expenditure of limited judicial resources above those required for a single consideration and ruling. The better approach is to defer consideration of Plaintiff's fee petition until the appeal is completed.

## II.   Alternatively, Plaintiff's Requests for Attorneys' Fees and Costs Should Be Reduced.

Alternatively, should this Court consider Plaintiff's motion now, its requested fees and costs must be reduced. Pursuant to 42 U.S.C. § 1988(b), a "court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." In considering a fee request, "the primary concern is that the fee awarded be reasonable." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007). Section 1988's aim is "to induce a capable attorney to undertake the representation of a meritorious civil rights case," "not to provide a form of economic relief to improve the financial lot of attorneys." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

To determine a reasonable attorney's fee, "[t]he 'lodestar' figure has . . . become the guiding light" for federal courts. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The starting point for calculating the lodestar requires a court to determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

"[T]he lodestar method yields a fee that is presumptively sufficient" to attract competent counsel in civil rights cases. *Perdue*, 559 U.S. at 552. This "presumption is a 'strong' one." *Id.* (quoting *Dague*, 505 U.S. at 562). But in "rare and exceptional circumstances," a district court may enhance the lodestar amount. *Id.* Those circumstances are: (1) when the lodestar "does not adequately measure the attorney's true market value"; (2) when the litigation involved "an extraordinary outlay of expense" and was "exceptionally protracted"; and (3) when there was "an exceptional delay in the payment of fees." *Id.* at 554-56. And a fee applicant "must produce specific evidence" to support the enhancement—an "essential" requirement for the district court

5

to calculate an objective reasonable attorney's fee.  *Id.* at 553.  In sum, "[t]he clear takeaway is that district courts should award enhancements 'only in the rarest circumstances.'"  *Linneman*, 970 F.3d at 632 (quoting *Perdue*, 559 U.S. at 560).

The fee applicant "bears the burden of documenting its work" for the requested number of hours and hourly rates.  *Gonter*, 510 F.3d at 617.  And the applicant "must exercise 'billing judgment'" by "'exclud[ing] from this initial fee calculation hours that were not reasonably expended.'"  *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016) (quoting *Hensley*, 461 U.S. at 434).

Because Plaintiff's request for fees is not reasonable under these guidelines, the requested hourly rates and requested hours should be reduced.

**A.     The hourly rates should be reduced.**

i.     *Work of Counsel of Record.*

The Court should reduce the requested hourly rates of Messrs. Timmons, Edgington, and Brown.[4]  In determining a reasonable hourly rate, "courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."  *Gonter*, 510 F.3d at 618 (quotation omitted). In arriving at the prevailing market rate, a district court may consider a party's submissions, awards in analogous cases, and its own knowledge and experience in handling similar fee requests.  *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821-22 (6th Cir. 2013).

Plaintiff's requested hourly rate of $450 for Mr. Timmons is unreasonable.  Plaintiff provides no persuasive rationale for exceeding the hourly rate of $400 awarded for his work less

---

[4] Defendant does not challenge the rates sought by Melissa Stewart ($250) and Sara McKinney ($225).

than a year ago in an analogous case in this District. *See* Mot. for Attorney's Fees at 1466. Mr. Timmons' client received an adjusted hourly rate of $400 for work he performed in *G.S. v. Lee*, No. 2:21-cv-02552-SHL-atc, ECF No. 140, at 10 (W.D. Tenn. Sept. 30, 2022) (copy attached as Exhibit A), *appeal pending* No. 22-5969 (6th Cir.).[5] There plaintiffs requested a base rate of $420 rate for his work, but the *G.S.* Court determined that a base rate of $375 was "reasonable and fair for Mr. Timmons" based on his request in a similar case involving lengthy litigation of "education, civil rights, and disability." Exhibit A at 10-11. The Court granted an adjusted hourly rate of $400 as appropriate "based on the contingency risk in a novel case" involving student masking at school. *Id.* Plaintiff fails to offer a persuasive reason—or evidence—why this Court should base an award on a requested rate of $450 for Mr. Timmons' work here.[6]

Similarly, Plaintiff's request of an hourly rate of $275 for Mr. Edgington should be reduced to $260. The *G.S.* Court determined that a $260 hourly rate was "fair and reasonable" for Mr. Edgington based on his "level of experience and expertise as a newly minted civil rights lawyer." Exhibit A at 11-12.

Plaintiff does not adequately support its claims that Messrs. Timmons and Edgington should have increased hourly rates in excess of those granted in *G.S.* due to "increases in

---

[5] Plaintiff also relies on a recommended fee award granted to other attorneys in the Eastern District of Tennessee for "substantially similar work" Mr. Timmons performed in *G.S.* Mot. for Attorney's Fees at 1481 (citing Magistrate Judge Poplin's report and recommendation in *S.B. v. Lee*, 3:21-cv-317-JRG-dcp, ECF No. 165 (E.D. Tenn. April 28, 2023)). But Plaintiff fails to address the distinctions in experience and abilities of counsel in that proceeding relative to that of Mr. Timmons. *See Gonter*, 510 F.3d at 618.

[6] The Court should disregard Plaintiff's citation to the fee awarded in *Turnage v. Oldham*, No. 2:16-cv-02907, 2021 WL 5855637, at *8 (W.D. Tenn. Dec. 9, 2021). There, the Court awarded plaintiffs a fee of $420 per hour for Mr. Timmons' work. *Id.* But the fee award therein resulted from an uncontested class action settlement, not from a contested adjudication of an appropriate hourly rate for his work. *See id.* at *1.

experience and substantial inflation since that date." Mot. for Attorney's Fees at 1480 n.4. The *G.S.* award was granted less than nine months ago, and Plaintiff presents no evidence of either attorneys' significant "increases in experience" in the interim. Nor does Plaintiff point to any authority allowing the Court to consider "inflation" as a reason for enhancement. *See Waldo*, 726 F.3d at 821-22 (listing factors a court may consider for determining the prevailing market rate).[7]

Finally, Plaintiff's request for an award based on an hourly rate of $385 for Mr. Brown's work must also be reduced. Plaintiff contends that the requested award is justified based on his "substantial experience in federal civil rights litigation" and his "dozens of jury trials." Mot. for Attorney's Fees at 1478. But no evidence of such experience exists on this record—Mr. Brown's declaration includes none. ECF No. 93-2 at 1495-96; *compare* ECF No. 93-1 at 1485 (declaration describing the litigation practice and experience of Messrs. Timmons and Edgington, and Ms. Stewart). Nor does Plaintiff explain why Mr. Brown's additional two years of experience over Mr. Edgington's in the same legal community warrant a rate of over $100 more than it requests for Mr. Edgington. Because the record fails to support Plaintiff's requested rate for Mr. Brown, the Court should reduce the hourly rate for his work to $300.[8]

    ii.    *Work of "Co-Counsel" Morrison-Foerster.*

---

[7] Plaintiff also contends that the award in *G.S.* was "calculated based off of work conducted in mid to late 2021." Mot. for Attorney's Fees at 1480 n.4; ECF No. 93-1 at 1486. But a declaration and timesheet filed in *G.S.* shows that Mr. Timmons also requested compensation for hours worked in 2022. *G.S.*, No. 2:21-cv-02552-SHL-atc, ECF No. 132-1 at 1808-11. And the court's award included the 2022 hours. Exhibit A at 27.

[8] District Attorney Mulroy acknowledges that this Court previously awarded Mr. Brown a rate of $350 in *Parnell v. Fitz*, No. 2:17-cv-02847-TLP-tmp, ECF No. 243-1, 245 (W.D. Tenn. Jan. 10, 2023). But, as with the court's award for the time of Messrs. Timmons and Edgington in *Turnage*, that requested rate and grant of attorney's fees was unopposed. *Id.* at ECF No. 243.

For three reasons, Morrison-Foerster's requested fees should also be excluded or reduced. First, those fees should be excluded because its lawyers failed to comply with local rules which "can[not] be excused" when it comes to requests for fees. *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 166–67 (2d Cir. 1966). Litigants and their counsel are subject to this Court's rules; thus the Morrison-Foerster lawyers were on notice of the need to enter a notice of appearance to "participate" in this case. LR 83.4(d)(1). Their claimed work product far exceeds the tasks typical of a consultant, such as basic research and reviewing filings. For instance, they refer to themselves as "co-counsel with Donati" and to the Memphis attorneys as "local counsel." ECF No. 93-4 at 1501, 1509. And their legal team claims hours for "drafting submissions to the court" and actively "developing a strategy for . . . trial." *Id.* In contrast to a mere consultant, those claimed hours are just 24 hours fewer than those claimed by the Apperson Crump attorneys. ECF No. 93 at 1466–67; *see Trickel v. Disc. Gold Brokers, Inc.*, No. 3:14-cv-1916, 2022 WL 452407, at *8 (M.D. Pa. Feb. 14, 2022). Because the Morrison-Foerster lawyers never filed a notice of appearance as required by this Court's rules, they are not entitled to a fee award from the Court. *See Lee v. Robinson, Reagan & Young, PLLC*, No. 3:14-cv-0748, 2015 WL 3442097, at *6 (M.D. Tenn. May 28, 2015); *Christianson v. Markquart*, No. 0:16-cv-1034, 2018 WL 3474058, at *5 (D. Minn. July 19, 2018).

Second, even if they had complied with this Court's rules, Morrison-Foerster's hourly rates are subject to reduction as the "community market rule" bars their requested rate. In the Sixth Circuit "the 'community market rule'" is used "to calculate a reasonable billing rate." *Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 630 (6th Cir. 2020) (quotation omitted). Under that rule, "the relevant inquiry is what billing rates are required to encourage competent lawyers *within the relevant community* to undertake legal representation." *Id.* (quotation omitted and emphasis by

the court).  To recover fees from "'out-of-town specialist[s],'" the fee applicant "must make a specific showing of necessity and reasonableness." *Id.* (quoting *Ne. Ohio Coal.*, 831 F.3d at 716 and alteration in *Linneman*).

The community market rule bars Plaintiff's request to obtain hourly rates "consistent with forum rates for the District of Columbia and the Southern District of New York" for proffered work by Morrison Foerster attorneys, who never appeared of record on behalf of Plaintiff.  Mot. for Attorney's Fees at 1467; ECF No. 93-4 at 1501-03.  Those claimed rates range from $810 to $1,135 for three associate-level attorneys and $1,200 to $1,650 for two partners.  Mot. for Attorney's Fees at 1467; ECF No. 93-4 at 1501-03.  But Plaintiff fails to show the "necessity and reasonableness" of enlisting Morrison-Foerster as "out-of-town specialists."  *Linneman*, 970 F.3d at 930 (cleaned up).  Plaintiff makes no claim that those attorneys are more adept in First Amendment or § 1983 trial work than its counsel of record.  And their claimed rates for those tasks far exceed those "with the customary fees charged by lawyers with comparable credentials in Memphis, Tennessee."  ECF No. 93-6 (Decl. of McLaren) at 1522 (noting that a federal civil rights litigation attorney with 47 years of experience was last awarded an hourly rate of $500 in the Western District of Tennessee).  Plaintiff's attempt to recover rates for Morrison-Foerster counsel in excess of the prevailing market for attorneys in the Western District of Tennessee fails to satisfy the requirements of necessity or reasonableness.  *See id.*

Third, Plaintiff fails to show that no "competent counsel was readily available locally at a lower charge or rate."  *See Ne. Ohio Coal.*, 831 F.3d at 716.  More than 15 hours of Mr. Edgington's claimed 27.8 hours occurred on or before March 31.  But his timesheets do not indicate that he provided any research or cite checking thereafter—nor does his declaration contend that other

commitments precluded further work in this case on his part.  ECF No. 93-1 at 1490-91; *see* ECF No. 93-1 at 1484-86 (declaration).

Should it find that they are entitled to any award of fees, the Court should reduce the requested hourly rates for all Morrison-Foerster attorneys to those that are comparable to prevailing market rates with the Western District of Tennessee.  Based on their experience, Defendant requests the Court to reduce the Morrison-Foerster hourly rates as follows:

Joseph Palmore, licensed in New York in 1999:                          $400

Katie L. Viggiani, licensed in New York in 2010:                       $375

Rachel S. Dolphin, licensed in California in 2015:                     $300

Victor Lopez, licensed in New York in 2021:                           $250

Shelby Teeter, licensed in the District of Columbia in 2022:       $250[9]

In sum, the Court should reduce Plaintiff's requested hourly rates for Messrs. Timmons, Edgington, and Brown, and exclude Morrison-Foerster attorneys from an award of fees, or alternatively, reduce the hourly rates sought by the Morrison-Foerster attorneys.

**B.    The number of hours requested must also be reduced.**

The Court should also reduce the hours Plaintiff requests for its fee award.  Plaintiff seeks non-awardable hours for its unsupportable claims against the Original Defendants and Defendant in his individual capacity.  And the submitted entries reflect double billing, and excessive or vague entries that must be removed from the lodestar calculation.

*Hours relating to Original Defendants and Defendant in his individual capacity.*  Plaintiff's asserted hours for work of counsel on its claims against Original Defendants and Defendant in his

---

[9] The licensure dates were obtained from publicly available data on webpages for the New York State Unified Court System, the State Bar of California, and the District of Columbia Bar.

11

individual capacity must also be excluded.  Under Section 1988, only a "prevailing party" is entitled to an award of attorney's fees. 42 U.S.C. § 1988(b).  That requires that Plaintiff gained an "enduring change in the legal relationship between" itself and the Original Defendants it sued. *Sole v. Wyner*, 551 U.S. 74, 86 (2007) (cleaned up).  For the change to be enduring, "it must have been irrevocable, meaning it must have provided plaintiff[] with everything [it] asked for." *Miller v. Caudill*, 936 F.3d 442, 448 (6th Cir. 2019).  But the Court dismissed the Original Defendants before the consolidated preliminary injunction hearing and trial in this matter, leaving District Attorney Mulroy in his official and (later dismissed) individual capacities as the sole remaining defendant.  ECF No. 60 at 849-50.  That is, Plaintiff failed to obtain enduring, irrevocable relief against any of the Original Defendants or District Attorney Mulroy in his individual capacity.  *See Sole*, 551 U.S. at 86; *Miller*, 936 F.3d at 448; *cf. Auto Alliance Int'l v. U.S. Customs Servs.*, 155 F. App'x 226, 228 (6th Cir. 2005) (concluding that the district court properly excluded fees for time spent addressing the defendant's meritorious motion to dismiss).[10]

Since Plaintiff did not prevail against the Original Defendants or Defendant in his individual capacity, the Court must exclude those hours Plaintiff attributes to work against them.[11]

_____

[10] That Plaintiff obtained a temporary restraining order against the Original Defendants is of no moment.  In *Sole*, the question presented was whether a plaintiff who obtained a preliminary injunction but failed to obtain a permanent injunction after trial was a "prevailing party." 551 U.S. at 77.  The Supreme Court rejected that notion, concluding that a "plaintiff who achieves a transient victory at the threshold of an action can gain no award . . . if, at the end of the litigation, her initial success is undone and she leaves the courthouse emptyhanded." *Id.* at 78.  Here, Plaintiff cannot seriously dispute that its "initial success [wa]s undone" once it requested, and the Court granted, dismissal of the Original Defendants.  *See id.*

[11] Plaintiff also seeks fees for work performed before it filed its complaint against the State of Tennessee.  But Plaintiff cannot recover fees for counsel's work before a representation agreement was in place.  *See, e.g., Kelly v. Corrigan*, 890 F. Supp. 2d 778, 786 (E.D. Mich. 2012) ("The

Further, the Court should make an across-the-board reduction of all hours Plaintiff claims between the initial filing of its complaint against Defendant (March 30) and the dismissal of the Original Defendants (May 2) to account for Plaintiff's excessive hours worked as to its claims against the dismissed Original Defendants. Defendant requests the Court to apply a 15% reduction for those hours. *See Ohio Right to Life Society, Inc. v. Ohio Elections Comm'n*, 590 F. App'x 597, 604-05 (6th Cir. 2014) (concluding that reduction of fee award was warranted where plaintiff was only partially successful on its claims but vacating a 85% reduction); *see also Hensley*, 461 U.S. at 435 ("[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved . . . and therefore no fee may be awarded for services on the unsuccessful claim."). Defendant submits Exhibit B[12] to note his specific objections to Plaintiff's timesheets on these grounds.[13]

---

subject matter of the work done prior to agreeing to represent an actual client may be relevant to the litigation ultimately initiated but, relying on the 'paying client' factor from *Perdue*, it is not something that should be included in the attorney fee award under § 1988."); *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 944 (E.D. Mich. 2005) ("[T]he Court does not believe that § 1988 contemplates an award of fees related to an attorneys' search for clients who will serve as model plaintiffs."); *see also* 42 U.S.C. § 1988(b) (allowing grant of an attorney's fee in "an[] *action or proceeding* to enforce . . . [§] 1983" (emphasis added)). Here, Plaintiff has not demonstrated when it retained its counsel; the only evidence of an agreement is when Plaintiff filed its initial complaint. Thus, in the alternative, Plaintiff's request for fees for its counsels' pre-complaint hours are excludable on that basis.

[12] Defendant also submits Exhibit C relating to Ms. Stewart's April 14, 2023 entry for "[d]rafted and transmitted Plaintiff's first Requests for Admission to D.A. Mulroy." ECF No. 93-1 at 1493. Exhibit C includes an email from Ms. Stewart stating that the requests for District Attorney Mulroy were in his individual capacity.

[13] Where Plaintiff submits entries that include both hours attributable only to Defendant in his individual capacity and hours that may be included in the lodestar, those fees must also be reduced. For example, Mr. Timmons' March 30 entry seeks 7.1 hours for preparing for the temporary restraining order hearing, "[t]ravel to . . . serve [Defendant]," and having a conference with the attorney for Defendant in his individual capacity. ECF No. 93-1 at 1487.

*Double, vague, and excessive billing*.   Finally, the Court should exclude or reduce Plaintiff's submitted entries requesting double-billed hours, vague entries, and excessive billing. First, Plaintiff failed to exercise appropriate billing judgment by seeking to double bill hours for Mr. Brown's appearance on the first day of trial.   Mr. Brown's submitted timesheet includes two entries for May 22, 2023: (1) 10.25 hours for "[a]ttending trial and post trial debrief"; and (2) 9.5 hours for "[a]ttending trial day 1 and debriefing."   ECF No. 93-2 at 1497.   Plaintiff offers no explanation for the double-billing, nor why Mr. Brown charged 10.25 hours for attending trial while his colleague from Apperson Crump billed only 9.5 hours for the same.   ECF No. 93-3 at 1498, 1500.   The Court should exclude the 10.25 hour entry claimed for Mr. Brown's time.   *See Campbell v. Comm'r of Soc. Sec.*, No. 3:13-cv-376, 2015 WL 5999330, at *3 (S.D. Ohio Oct. 15, 2015) (striking double-billed entry on submitted timesheet to reduce a claimed attorney fee award).

Second, the Court should also exclude a vague entry on Mr. Brown's timesheet.   On May 5, Mr. Brown asserts that he recorded 3.5 hours for "Reviewing."   ECF No. 93-2 at 1497.   Neither Plaintiff nor Mr. Brown offers any explanation as to what he was "Reviewing."   That failure renders Mr. Brown's entry too vague to allow the Court to determine "'that such hours were actually and reasonably expended in the prosecution of the litigation.'"   *Women's Med. Prof. Corp. v. Baird*, No. 2:03-cv-162, 2003 WL 23777732, at *4 (S.D. Ohio Dec. 15, 2003) (quoting *United Slate, Tile & Composition Roofers v. G & M Roofing*, 732 F.2d 495, 502 n.2 (6th Cir. 1984) and concluding that a timesheet entry stating "Review background information and issues" was vague). The Court should also exclude this 3.5 hour from Plaintiff's fee request.

Third, Ms. Stewart's timesheet contains .8 hours in excessive billing on March 29-30 for her work with witness Clayton Klutts of Franklin Pride, as well as that for "witness preparation" for trial dated May 18-19.   ECF No. 93-1 at 1493-94.   The Court disregarded Mr. Klutts' testimony

at the combined trial in this matter as irrelevant because Mr. Klutts provided no evidence as to the AEA's enforcement in Shelby County. ECF No. 91 at 1416-17. Thus, Ms. Stewart's hours relate to the presentation of irrelevant evidence and should be excluded. Defendant requests the Court to exclude .8 hours from Ms. Stewart and to reduce Ms. Stewart's entries for "witness preparation" by 10% to account for this irrelevant time expenditure.[14]

Fourth, to the extent the Court concludes that the Morrison-Foerster attorneys should be awarded fees, it must reduce Mr. Lopez's claimed hours as excessive. On May 3, 2023, Mr. Lopez billed 7 hours for "[c]oordinat[ing] with R. Dolphin regarding additional research for purposes of responding to motion to dismiss." ECF No. 93-4 at 1505. Plaintiff fails to explain why this coordination required seven hours when the very next time entry bills 0.25 hours for "coordinat[ing] with [Mr.] Lopez." *Id.* The Court should reduce Mr. Lopez's 7 hour entry to 0.1. *See Ohio Right to Life*, 590 F. App'x at 603 ("[T]his Court has repeatedly upheld reductions in attorneys' fees for duplicative or excessive billing.").

Finally, Mr. Lopez' time entry and the entries of Apperson Crump attorney Jacob Brown reveal their use of .25 hour time increments in their billing protocols. Published cases in the Eastern District of Tennessee provide: "Whether quarter-hour billing is reasonable is a matter within the discretion of the district court," but in that district, the use of quarter-hour billing is explicitly disfavored. *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 849 (6th Cir. 2013). This Court should follow this course as well. District courts typically account for quarter-billing inaccuracy by reducing the number of hours worked by a percentage amount. *See Yellowbook Inc.*, 708 F.3d at 849; *Corbis Corp. v. Starr*, 719 F.Supp.2d 843, 846 (N.D. O 2010) ("quarter hour

---

[14] At trial, Ms. Stewart conducted the direct examination of Mr. Klutts. It follows that her time entries for "witness preparation" would include preparing Mr. Klutts to testify.

billing and conclusory descriptions 'invite downward adjustment' of attorney's fees"). Defendant submits that a twenty percent downward adjustment of time billed by the Morrison-Foerster attorneys and Mr. Brown is warranted. *See also L.H. v. Hamilton Cnty. Dep't of Educ.,* 356 F. Supp. 3d 713, 727 (E.D. Tenn. 2019).**D.      Plaintiff is not entitled to enhanced fees or a multiplier.**

In addition to the lodestar, Plaintiff requests both a fee enhancement and a 1.75 multiplier. Mot. for Attorney's Fees at 1471-82. To support its enhancement request, Plaintiff relies on the "optional" twelve factors identified *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989); Mot. for Attorney's Fees at 1471-82.

But Plaintiff fails to address the "crucial question" justifying an enhancement or multiplier: "whether this case involves 'rare and exceptional circumstances.'" *Linneman*, 970 F.3d at 631-32 (quoting *Perdue*, 559 U.S. at 552). Plaintiff fails to argue that it meets any of *Perdue*'s circumstances justifying an increase to the lodestar. Nor could it. The first circumstance applies in situations where an hourly rate is "determined by a formula" that would be below what the "attorney would receive in cases not governed by the federal fee-shifting statutes." *Perdue,* 559 U.S. at 555. An enhancement there requires "specific proof linking the attorney's ability to a prevailing market rate." *Id.* But Plaintiff presents no proof that the Court's lodestar method would result in a fee below the prevailing market rate. *See id.* And Plaintiff cannot contend that that "condensing what should have been years of litigation and preliminary investigation into seventy-two (72) days" from filing to judgment, Mot. for Attorney's Fees at 1466, resulted in litigation that was "exceptionally protracted" or involved an "exceptional delay in the payment of fees." *See Perdue*, 559 U.S. at 555-56.

Nor do the *Johnson* factors require a different result.[15]  For one, "the lodestar figure includes most, if not all, the relevant factors constituting a reasonable attorney's fee" and no additional enhancement may be awarded "on a factor that is subsumed in [that] calculation." *Id.* at 553 (quotations omitted).  Plaintiff's reliance on factors involving the customary fees, time limitations, results, fees awarded in other matters, "novelty and complexity of a case," "the quality of an attorney's performance," and risk of loss or contingency, are already accounted for in the lodestar calculation.  *See id.* (quotations omitted); *Dague* 505 U.S. at 565 ("Enhancement for contingency is not permitted under the [typical federal] fee-shifting statutes . . . .").

Plaintiff further states that it is entitled to an enhancement because Mr. Timmons was precluded from employment while working on this matter and "had to pause accepting referral cases."  Mot. for Attorney's Fees at 1474-75.  But Plaintiff failed to submit "specific evidence" that Mr. Timmons refused referrals.  *See Perdue*, 559 U.S. at 553.  And, on March 28 and April 4, Mr. Timmons signed and filed two complaints in separate newly-filed cases in this District—after Plaintiff filed suit against the Original Defendants.  *See Freeman v. Bonner*, No. 2:23-cv-02193-MSN-tmp, ECF No. 1 (W.D. Tenn. Apr. 4, 2023); *Walker v. Bailey*, No. 2:23-cv-02169-TLP-cgc, ECF No. 1 (W.D. Tenn. Mar. 28, 2023).

Plaintiff further asserts that enhancement is warranted because Mr. Timmons "accepted Plaintiff's case when no other lawyer . . . would do so."  Mot. for Attorney's Fees at 1479.  This

---

[15] Even before *Perdue*, district courts within the Sixth Circuit declined to expressly analyze the *Johnson* factors "because the lodestar amount in fact incorporates those factors."  *McClain v. Hanna*, No. 2:19-cv-10700, 2019 WL 7288768, at *4 (E.D. Mich. Dec. 19, 2019)  (citing *Project Vote v. Blackwell*, No. 1:06-cv-1628, 2009 WL 917737, at *18 (N.D. Ohio Mar. 31, 2009)).  And post-*Perdue*, courts in this District have "decline[d] to conduct a step-by-step evaluation of all twelve [*Johnson* factors]" when a plaintiff fails to meet any of *Perdue's* circumstances.  *See Monroe v. FTS USA, LLC*, No. 2:08-cv-02100-JTF-cgc, 2020 WL 13227389, at *8 n.5 (W.D. Tenn. Oct. 13, 2020); *Thomas v. Schroer*, No. 2:13-cv-02987-JPM-cgc, 2017 WL 6489144, at *11-12 (W.D. Tenn. Sept. 20, 2017) (declining to analyze the *Johnson* factors).

general assertion, however, is not specific evidence that supports Plaintiff's claim that no other attorney would have represented it. *See H.D.V.-Greektown, LLC v. City of Detroit, Mich.*, 774 F. App'x 968, 973 (6th Cir. 2019) (concluding that a claim that no attorney would have represented the party without a fee enhancement was a "vague forecast" where no "specific evidence" such as "surveys, affidavits, or statistics" was submitted).

Finally, Plaintiff cites to the multipliers awarded in *Barnes v. City of Cincinnati*, 401 F.3d 729 (6th Cir. 2005), *Doe v. Bd. of Educ. of Memphis City Sch.*, No. 2:05-cv-2411-BBD-tmp, 2007 WL 9706672 (W.D. Tenn. Jan. 9, 2007), and *Linneman v. Vita-Mix Corp.*, No. 1:15-cv-748, 2019 WL 13044812 (S.D. Ohio Sept. 11, 2019), to claim that a 1.75 multiplier is warranted. Yet *Barnes* and *Doe* were decided before *Perdue*, and Plaintiff has not shown that it can satisfy *Perdue's* "rare and exceptional circumstance" threshold. *Perdue*, 559 U.S. at 554. And the Sixth Circuit vacated the district court's multiplier in *Linneman* because "none of the three *Perdue* factors were met." 970 F.3d at 632-33. In sum, Plaintiff has not demonstrated that enhanced fees or multipliers are appropriate.

### E. Plaintiff presents no evidence of its costs.

Plaintiff also states that it is entitled to $1,937.70 in costs and expenses for "filing fees and transcripts." Mot. for Attorney's Fees at 1482. It cites to the declarations submitted by Messrs. Timmons and Brown to support its request. *Id.* However, neither declaration lists or references such "filing fees," "transcripts," or any other costs or expenses. ECF No. 93-1 at 1484-86; ECF No. 93-2 1495-96. And the exhibits submitted with the declarations show only attorney billing amounts, not costs or expenses. ECF No. 93-1 at 1487-94; ECF No. 93-2 at 1497. Thus, Plaintiff

failed to meet its burden to demonstrate that it incurred costs and expenses that are awardable by the Court. *See Gonter*, 510 F.3d at 617.[16]

### F.    Summary

Based on the foregoing, Defendant requests the Court to reduce Plaintiff's requested hourly rates and hours worked to the following sums:

| | |
|---|---|
| Mr. Timmons: | 73.9 hours x $400 per hour = $29,560.00 |
| Mr. Edgington: | 17.0 hours x $260 per hour = $4,420.00 |
| Ms. Stewart: | 111.1 hours x $250 per hour = $27,775.00 |
| Mr. Brown: | 32.4 hours x $300 per hour (less 20%) = $7,776.00 |
| Ms. McKinney: | 55.3 hours x $225 per hour = $12,442.50 |

Should the Court allow Morrison-Foerster to recover fees, Defendant requests the Court to reduce Plaintiff's requested attorney's fees as follows:

| | |
|---|---|
| Mr. Palmore: | 1.55 hours x $400 per hour (less 20%) = $496.00 |
| Ms. Viggiani: | 17.25 hours x $375 per hour (less 20%) = $5,175.00 |
| Ms. Dolphin: | 6.95 hours x $300 per hour (less 20%) = $1,668.00 |
| Ms. Teeter: | 20.25 hours x $250 per hour (less 20%) = $4,050.00 |
| Mr. Lopez: | 20.85 hours x $250 per hour (less 20%)= $4,170.00 |

---

[16] Plaintiff also requests the Court to "consider[]" its failure to request costs and expenses for paralegal time and various "incidental" expenses when determining counsel's "hourly rates." Mot. for Attorney's Fees at 1482.  But Plaintiff cites no authority holding that a party can justify an enhanced hourly rate by withholding potentially awardable items from submission to a reviewing court.  In any event, Plaintiff presented no evidence that it incurred any such costs or expenses or that any paralegal worked on this matter.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion without prejudice or defer ruling on Plaintiff's motion for an award of attorneys' fees and costs until after the Sixth Circuit considers Defendant's appeal. Alternatively, the Court should reduce Plaintiff's requested fees and costs.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter


s/James R. Newsom III
James R. Newsom III (TN BPR No. 6683)
Special Counsel
J. Matthew Rice (TN BPR No. 40032)
Special Assistant to the Solicitor General
Robert W. Wilson (TN BPR No. 34492)
Senior Assistant Attorney General
Steven J. Griffin (TN BPR No. 40708)
Assistant Attorney General
Office of the Tennessee Attorney General
40 South Main Street, Suite 1014
Memphis, TN 38103
(901) 543-2473
Jim.Newsom@ag.tn.gov
Matt.Rice@ag.tn.gov
Robert.Wilson@ag.tn.gov
Steven.Griffin@ag.tn.gov

*Counsel for Steven J. Mulroy, in his official capacity as District Attorney General for the Thirtieth Judicial District of Tennessee*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report.  Parties may access this filing through the Court's electronic filing system.

s/James R. Newsom III

James R. Newsom III
Special Counsel