IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FRIENDS OF GEORGE'S, INC. ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | **Case No. 2:23-cv-02163-TLP-tmp** |
| ) | |
| ) | |
| STEVEN J. MULROY, in his official and ) | |
| individual capacity as District Attorney ) | |
| General of Shelby County, TN, ) | |
| ) | |
| DEFENDANT. ) | |

**PLAINTIFF'S REPLY TO THE RESPONSE OF STEVEN J. MULROY IN HIS OFFICIAL CAPACITY IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff, Friends of George's, Inc., (hereinafter "Plaintiff"), by and through its undersigned counsel, submit this Reply to the Response of Steven J. Mulroy in his Official Capacity in Opposition to Plaintiff's Motion for Attorney's Fees and Costs (D.E. 97). In support of its motion, Plaintiff states as follows:

**I.   THE COURT SHOULD NOT DEFER ITS RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS.**

Despite nearly 100 docket filings and securing first in the nation injunctive relief against state overreach against free speech and drag performers in particular, Defendant Steven J. Mulroy in his official capacity ("hereinafter "Defendant") argues that "*common sense* and *judicial efficiency* suggest that the Court should defer its consideration of Plaintiff's motion for an award of attorney's fees and costs until the conclusion of Defendant's appeal." (D.E. 97, Response,

1

PageIDs 1537-38) (emphasis added). Had the Tennessee legislature considered common sense and judicial efficiency, they would not have drafted and set into law the AEA in the first place.

In the present case, this Court issued a seventy (70) page in-depth, carefully-reasoned, and correct order ruling that Plaintiff should prevail on both First and Fourteenth Amendment grounds and determining that the law was 1) overbroad, 2) vague, 3) not content-neutral, 4) was viewpoint discriminatory, 5) was not narrowly tailored, 6) lacked even a legitimate governmental interest, and 7) served an impermissible purpose. (D.E. 91). Defendant does not dispute that Plaintiff is presently the prevailing party but does dispute nearly every aspect of Plaintiff's fee application. In order to become the prevailing party and deprive Plaintiff of the right to an award of attorney fees, Defendant must obtain reversal on every single legal theory, which is more than a bit unlikely. However, it is apparently very likely that any fee dispute will escalate to the Sixth Circuit. Judicial efficiency, therefore, counsels in favor of allowing the Sixth Circuit to resolve both the merits and the attorney fee issue in one appeal.

## II.   REASONABLENESS OF FEES AND REQUEST FOR ENHANCEMENT

### A.   Hourly Rates

Starting on page 6 of Defendant's response, Defendant alternatively argues for a reduction in fees, first, on the basis of the hourly rates. Ignoring recent high inflation rates, the premise for the reduction is that certain lawyers obtained lower rates in earlier and different cases.

Plaintiff submitted expert declarations from Justin Gilbert and Michael McLaren, both of whom attested to the novelty and complexity of this case, the extensive work that went into its litigation, and the significant results, the reasonableness of the rates sought by counsel, and that Mr. Timmons and his practice group were the only attorneys willing to stand up for Plaintiff on an important issue of first impression on such short notice. (D.E. 93-5, Gilbert Decl. *supra*; D.E. 93-

6, McLaren Decl., *supra*). Defendant has responded with only *ipse dixit* argument and has submitted no contravening affidavits or studies in opposition to these declarations. Nor does Defendant attempt to discredit Messrs. Gilbert or McLaren's qualifications, veracity, or reliability of their assertions.

Further, Defendant claims that the Western District's previous award of $420 for Mr. Timmons and $275 for Mr. Edgington are not valid because the rates were not contested and were submitted as part of a class action settlement. (D.E. 97, PageID 1540). Whether rates are opposed by a defendant is not a lodestar factor. Judge Mays was required to and did conduct a lodestar analysis because even absent a fee contest, in class actions courts must still protect the interests of absent class members. Judge Mays found Mr. Timmons' and Mr. Edgington's rates to be "fair and reasonable." *Turnage v. Oldham*, 2021 U.S. Dist. LEXIS 239877, at *32-34 (W.D. Tenn. Dec. 9, 2021). *Turnage* was Fourteenth Amendment litigation brought under 42 U.S.C. § 1983. Defendant argues that the rates awarded Plaintiff's counsel in *G.S. v. Lee, Case No. 2:21-cv-02552-SHL-atc (W.D. Tenn. Sept. 30, 2022)* dictates that Messrs. Timmons and Edgington should have their rates set at $400 and $260, their awarded rates in ADA litigation against Governor Lee. (D.E. 97, PageID 1540). Plaintiff disagrees, but note that Judge Lipman found that Messrs. Timmons and Edgington are:

> [S]pecialists in disability and civil rights law working on novel application of these laws, [and that] counsel's research in these areas and consultations with one another are quite necessary for continued competency of an attorney's practice in his or her specialized area of law.

(ECF No. 97-1, *G.S. v. Lee* Order, p. 17)(internal citations omitted).

Annual increases in an attorney's billing rates are typical. *See Almanza v. Barr*, No. 3:15-cv-389-TAV-HBG, 2019 U.S. Dist. LEXIS 241963, at *14-15 (E.D. Tenn. Aug. 5, 2019). Annual increases between three percent (3%) and five percent (5%) are common.

*Williamson v. Recovery Ltd. P'ship*, No. 2:06-cv-292, 2013 U.S. Dist. LEXIS 88962, at *28 (S.D. Ohio June 25, 2013). The increase sought by Mr. Timmons is $450 per hour from his previous highest hourly rate award of $420 per hour in *Turnage* for work performed between 2016 and 2020. Depending on whether one counts from the date on which the work is performed or the date of the award, Mr. Timmons either seeks an increase of one-percent (1%) or (2.3%) year-over-year. Mr. Edgington seeks a rate increase of 3.8% from his award in the *G.S. v. Lee* case. From 2021-2023, the Consumer Price Index has risen by 6.8%. These increases are typical annual increases.

Defendant also takes issue with Mr. Jacob Brown's requested $385 hourly rate despite Mr. Brown's previous award of $350 by this very Court. (D.E. 97, PageID 1541). Defendant compares Mr. Brown, a Senior Litigation Associate, to Mr. Edgington. (Id.) However, Mr. Brown has three years additional experience in the Memphis legal community, along with a plethora of other accomplishments such as serving as a law clerk to the following judges: Hons. Paula Skahan, Glenn Wright, Carolyn Wade Blackett, Jim Lammey, Christ Craft, Mark Ward, and Robert Childers. As well as serving as a judicial extern to the Hon. Tu Pham.

Finally, Defendant responds to Plaintiff's comparison to *S.B. v. Lee*, in which Jessica Salonus, was awarded $500 per hour for work substantially similar to that performed by Mr. Timmons in *G.S. v. Lee*, for which he was awarded $400 per hour, demonstrating a range of discretion for similar work. Defendant states that, "Plaintiff fails to address the distinctions in experience and abilities of counsel in that proceeding relative to that of Mr. Timmons." Mr. Timmons and Mrs. Salonus attended law school together and have both had full-time litigation practices since that time with a heavy focus on civil rights and disability law. Mr. Gilbert, who was awarded $650 per hour for *his* work in *S.B.* supports this contention. (See, D.E. 93-5, Gilbert Decl.) Mr. Timmons seeks *less* than these rates, having never claimed to be their equal.

4

**B. Enhancement**

As to Defendant's contention that this case is neither rare nor exceptional, Plaintiff defers to the Court noting only that successful facial First Amendment challenges do seem to be both inherently rare and exceptional. Messrs. Gilbert and McLaren also attest to the unique nature of this case and the relief obtained. (D.E. 93-5, Gilbert Decl., PageIDs 1513, 1516; D.E. 93-6, McLaren Decl., PageIDs 1521, 1525).

Defendant asserts that Mr. Timmons has not provided any specific evidence that he refused referrals or that no other attorney would accept this case. (D.E. 97, PageID 1550). Messrs. Gilbert and McLaren examined the information available to them and introduced declarations in support of Plaintiff's contentions. (D.E. 93-5, Gilbert Decl., PageIDs 1514; D.E. 93-6, McLaren Decl., PageIDs 1522). Defendant seems to think that attorneys declining new business should develop detailed records of work they do not accept, a practice so efficient that it could only be imagined by a government defendant.

Finally, the potential impact of the AEA cannot be overlooked either. As this Court noted, "Plaintiff---and the non-parties whose interests Plaintiff asserts—face[ed] certain threat of criminal prosecution from an unconstitutional legislative act." No public interest organizations filed this case, and no other private lawyers filed it. Instead, this matter was left to counsel and private citizens to litigate.

**C. Defendant's Green-Eye Shade Accountant Arguments**

At page 11, Defendant objects to "vague entries" as a basis for a reduction in the fees sought by Plaintiffs' counsel. "But trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S. Ct. 2205, 2216, 180 L.Ed.2d 45, 57

(2011). "[T]he Sixth Circuit has stated that billing records will not be deemed vague if they offer 'sufficient detail and probative value' for the court to determine the legitimacy of the hours expended." *Monroe v. FTS USA, LLC*, 2014 U.S. Dist. LEXIS 128451, *23-24 (W.D. Tenn. July 28, 2014) (citing *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 553-54 (6th Cir. 2008) (finding time entries such as "conference with," research," "review file," "review documents," etc. sufficiently descriptive when read in context of whole billing statement and the timeline of the litigation)). Plaintiff's time records are consistent with these standards.

### D. Across the Board Reduction Is Not Appropriate Except in Cases of Malfeasance

Defendant seeks across-the-board reductions for all work expended. Plaintiff filed suit on March 27, 2023. Plaintiff filed suit against Defendant Mulroy in his official capacity on March 30, 2023, under *identical* legal theories and raising *identical* claims. Defendant Mulroy was subject to injunctive relief in his official capacity from the date of the Court's initial TRO forward, and all of the work to obtain that relief was *identical* to that performed relative to the other Defendants.

Unfortunately, it seems non-prevailing defendants are more frequently making requests for reductions across the board by galvanizing miscellaneous gripes about attorneys' fees. *See EEOC v. Dolgencorp, LLC*, 2017 U.S. Dist. LEXIS 163739, at *34 (E.D. Tenn. Aug. 7, 2017) (rejecting 50% reduction). Defendants frequently, as they do here, attempt to "double dip" by engaging in "green-eyeshade accounting" and then seeking a sweeping percentage reduction for anything remaining. Viewing the Donati Group's time alone shows that Defendant has done so here by requesting a reduction of forty-seven percent (47%) of Mr. Timmons' time (*compare* D.E. 97-2, PageID 1588 *with* D.E. 93-1, PageID 1489), thirty-nine percent (39%) for Mr. Edgington's time (*compare* D.E. 97-2, PageID 1591 *with* D.E. 93-1, PageID 1491), and fifty-two percent (52%) for Mrs. Stewart's time (*compare* D.E. 97-2, PageID 1601 *with* D.E. 93-1, PageID 1494). However,

Defendant's two cited cases for across-the-board reductions, like so many cases cited by Defendant throughout this litigation, actually support Plaintiff's position.

First, in *Ohio Right to Life Society, Inc v. Ohio Elections* Comm'n, 590 F. App'x 597 (6th Cir. 2014), the Court drastically decreased plaintiff's attorneys requested compensable attorneys because of (1) plaintiff's limited success; (2) plaintiff's failure to properly exercise billing judgment; and (3) plaintiff's counsel's inadequate documentation of time expended. Here, Plaintiff's success can be unquestioned, and Plaintiff's counsel exercised appropriate billing judgment that is well documented and supported by appropriate outside counsel.

Second, Defendant cites to *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983) for the proposition that Plaintiff's work on an unsuccessful claim cannot be deemed expended in pursuit of the ultimate result achieved. As with so many of Defendant's citations throughout this litigation, Defendant fails to cite adverse authority found on the very same page of the Court's decision:

> It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *Hensley*, 461 U.S. 435.

Plaintiff prevailed on all *claims* against Defendant Mulroy in his official capacity and performed no work that was unique to other Defendants or that could be parsed out independently.

### E. Costs Associated with Case

Plaintiff attaches a copy of the expenses to this matter hereto as **Exhibit A**, for the Court's review in support of its motion for attorney's fees and costs. Plaintiff notes that these costs are all either standardized filing fees or court reporting expenses *shared* with Defendant, who is therefore

well aware of said costs. Upon review, Plaintiff concedes that one of the two $402.00 filing fees could have been avoided by amending the initial suit to add Defendant Mulroy.

### III.   CONCLUSION

For all the reasons above, and those expressed in its Motion for Attorney Fees and Costs and Incorporated Memorandum in Support Thereof, Plaintiff request its Motion for Attorney's Fees and Costs be granted in its entirety.

Respectfully submitted,

/s/ *Brice M. Timmons*
Brice M. Timmons (#29582)
Craig A. Edgington (#38205)
Melissa J. Stewart (#40638)
Donati Law, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 (Office)
(901) 278-3111 (Fax)
brice@donatilaw.com
craig@donatilaw.com
melissa@donatilaw.com


Jacob Webster Brown (#36404)
Sara Katherine McKinney (#40900)
Apperson Crump, PLC
6000 Poplar Avenue, Suite 150
Memphis, Tennessee 38119
(901) 756-6300 (Office)
(901) 757-1296 (Fax)
jbrown@appersoncrump.com
smckinney@appersoncrump.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served upon all parties of record via the Court's ECF system on the 10th day of July, 2023.

      */s/ Brice M. Timmons*