## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: September 15, 2023

Mr. Daniel Alexander Horwitz
Horwitz Law
4016 Westlawn Drive
Nashville, TN 37209

Re: Case No. 23-5611, *Friends of George's, Inc. v. Steven Mulroy*
Originating Case No. : 2:23-cv-02163

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Roy G. Ford
Case Manager
Direct Dial No. 513-564-7016

cc: Mr. Craig A. Edgington
 Mr. Gene Hamilton
 Mr. Thomas T. Hydrick
 Mr. Jonathan F. Mitchell
 Mr. James Robert Newsom III
 Ms. Wendy R. Oliver
 Mr. James Matthew Rice
 Ms. Melissa Jo Stewart
 Mr. Brice Moffatt Timmons
 Mr. Robert W. Wilson

Enclosure

No. 23-5611

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 15, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| FRIENDS OF GEORGE'S, INC., ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| BLOUNT PRIDE, INC., et al., ) | O R D E R |
| ) | |
| Intervenors, ) | |
| ) | |
| v. ) | |
| ) | |
| STEVEN JOHN MULROY, in his official and ) | |
| individual capacity as the District Attorney General ) | |
| of Shelby County, Tennessee, ) | |
| ) | |
| Defendant-Appellant. ) | |

Before: BOGGS, BATCHELDER, and GIBBONS, Circuit Judges.

Defendant Steven John Mulroy, the District Attorney General of Shelby County, Tennessee, appeals a permanent injunction prohibiting enforcement of a Tennessee statute criminalizing the performance of "adult cabaret entertainment" in locations where the performance could be viewed by a minor. Blount Pride, Inc., and Matthew Lovegood ("Movants") move to intervene alongside Plaintiff Friends of George's, Inc. ("FOG"). Mulroy opposes the motion, and Movants reply.

We apply the rules governing intervention under Federal Rule of Civil Procedure 24 when considering whether to grant intervention on appeal. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., AFL-CIO, Loc. 283 v. Scofield*, 382 U.S. 205, 216 n.10 (1965);

*see also Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1006 (6th Cir. 2006) ("This court may grant the motion to intervene pursuant to F.R.C.P. 24."). Parties may intervene as of right under Rule 24(a) or permissively under Rule 24(b).

To intervene as of right, a movant must show that: (1) its motion was timely filed; (2) it possesses "a substantial legal interest in the case"; (3) its "ability to protect its interest will be impaired without intervention"; and (4) existing parties will not adequately represent the movant's interests. *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011); *see* Fed. R. Civ. P. 24(a)(2). And, as a threshold matter, while a proposed intervenor generally "need not have the same standing necessary to initiate a lawsuit," *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999), it must still "meet the requirements of Article III if the intervenor wishes to pursue relief not requested by a plaintiff," *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 435 (2017).

That threshold issue precludes Movants' intervention of right in this appeal. Movants seek injunctive and declaratory relief to bind law enforcement in Blount County, but the injunction FOG is defendant on appeal applies only in Shelby County and Mulroy—the only defendant in this case—cannot enforce the statute in Blount County. *See California v. Texas*, 141 S. Ct. 2104, 2116 (2021); *cf. Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021) (declining to issue an injunction pending appeal, regardless of whether applicants raised serious questions regarding the constitutionality of a state statute, when the named defendants lacked authority to enforce the law against plaintiffs). Likewise, declaratory relief cannot "directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs, and the State is free to prosecute others who may violate the statute." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975); *see Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 43 (1st Cir. 2012) ("Doran makes clear that an alignment of interests among similar but distinct parties is not per se enough, even when the state proceeding is a criminal prosecution . . . ."). Because the district court's declaratory judgment applies only to enforcement of the Act within Shelby County,

No. 23-5611
-3-

Movants lack standing, and we need not analyze whether the requirements for intervention as of right are met.

We conclude, however, that Movants should be granted permissive intervention. We may permit intervention on a timely motion to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). We have discretion to grant permissive intervention but must "consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see Cameron v. EMW Women's Surgical Ctr., P.S.C*, 142 S. Ct. 1002, 1013 (2022).

Movants promptly moved to intervene, and they will adhere to the briefing schedule if granted intervention. The parties agree that the actions are substantially similar. And the stringent requirements for standing to intervene as of right do not apply in cases of permissive intervention. *See Bond v. Utreras*, 585 F.3d 1061, 1069–70 (7th Cir. 2009) (opining that standing is satisfied for permissive intervention when at least one plaintiff has standing to maintain the suit given that the case will proceed and the dispute will be resolved regardless of the intervenor's presence); *Liberte Cap. Grp., LLC v. Capwill*, 126 F. App'x 214, 221 (6th Cir. 2005) (finding "sufficient" standing when the proposed intervenors were "more than curious bystanders" and "had a vested interest in ensuring the proper determination" of an issue).

The motion to intervene is **GRANTED**, and Movants shall be permitted to permissively intervene. Movants' brief is due on or before the date appellee's brief is due.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk